IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN CODY                                                                                              PETITIONER

v.                                          NO. 5:10CV00089 HDY

RAY HOBBS, Interim Director of the                                                     RESPONDENT
Arkansas Department of Correction

## MEMORANDUM OPINION AND ORDER

STATE COURT PROCEEDINGS. In January of 2008, petitioner Steven Cody ("Cody") pleaded guilty in Clark County, Arkansas, Circuit Court to the following criminal offenses: forgery, as charged in CR 2007-122; criminal impersonation and theft of property, as charged in CR 2007-158; and a violation of the Arkansas hot check statute, as charged in CR 2007-166.  He was sentenced to, inter alia, eighty-four months of probation.

In March of 2008, or a mere two months after receiving the aforementioned probation, Cody committed several other criminal offenses.  He was subsequently charged in Clark County, Arkansas, Circuit Court with the following offenses: one count of theft of property, as charged in CR 2008-41; failure of a sex offender to provide information, as charged in CR 2008-51; and one count of criminal mischief, two counts of theft of property, and two counts of residential burglary, as charged in CR 2008-52.

In April of 2008, a petition to revoke Cody's probation in CR 2007-122, CR 2007-158, and CR 2007-166 was filed in Clark County, Arkansas, Circuit Court. In the petition, it was alleged that he had violated the terms of his probation by committing the criminal offenses charged in CR 2008-41, CR 2008-51, and CR 2008-52.

In July of 2009, Cody pleaded guilty in Clark County, Arkansas, Circuit Court to the following charges: (1) one count of theft of property, as charged in CR 2008-41; and one count of criminal mischief, two counts of theft of property, and two counts of residential burglary, as charged in CR 2008-52; <u>and</u> (2) the allegations contained in the petition to revoke his probation in CR 2007-122, CR 2007-158, and CR 2007-166.[1] He was sentenced to a period of incarceration in the custody of respondent Ray Hobbs ("Hobbs").

Cody attempted to appeal the convictions imposed in CR 2008-41 and CR 2008-52. He failed, however, to file a timely notice of appeal and, for that reason, the record was never lodged by the Clerk of the Arkansas Supreme Court.[2]

Cody appealed the revocation of his probation in CR 2007-122, CR 2007-158, and CR 2007-166. Hobbs represents, and the Court accepts as true, that the appeal is pending in the Arkansas Court of Appeals and awaits a final determination.

---

[1] The charge in CR 2008-51 was dismissed by the State of Arkansas.

[2] Even had Cody filed a timely notice of appeal, it is unlikely that the appeal would have been successful. Save exceptions not relevant in this instance, the State of Arkansas precludes any appeal from a guilty plea. <u>See</u> Ark. R. App. P. - Criminal 1(a).

FEDERAL COURT PROCEEDINGS. In March of 2010, Cody commenced this proceeding by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The state court proceeding being challenged by him is not clear. It is possible to construe his petition as challenging both the convictions in CR 2008-41 and CR 2008-52 and the revocation of his probation in CR 2007-122, CR 2007-158, and CR 2007-166. Hobbs so construed the petition, apparently out of an abundance of caution. The Court is not convinced, however, that the petition should be so construed. First, the first page of the petition reflects that Cody is challenging the convictions in CR 2008-41 and CR 2008-52. Second, the four claims advanced by Cody are tied to the events giving rise to CR 2008-41 and CR 2008-52.[3] In claim one, Cody references the theft of James Brigg's credit card, which was charged in CR 2008-41. In claim two, Cody references the unauthorized entry of Rose Simmons' residence, which was charged in CR 2008-52. In claim three, Cody references the unauthorized entry of Johnny Harris' residence, which was also charged in CR 2008-52. In claim four, Cody references the theft of Johnny Harris' automobile, which was also charged in CR 2008-52. The Court thus finds that in this petition, Cody is only challenging the convictions in CR 2008-41 and CR 2008-52.

---

[3]

Hobbs alleges that "[i]n a nutshell, Cody stole from a widow [i.e., Rose Simmons] the wallet and credit cards of her deceased husband [i.e., James Briggs] and ransacked [her] home ...; stole a camera from [Johnny Harris] who introduced [Cody] to [Rose Simmons], and stole [Johnny Harris'] car and wrecked it, resulting in a total loss ... Cody's acts came to light in the aftermath of his arrest for criminal trespass by the University Police of Henderson State University. ..." See Document 7 at 2.

Hobbs filed a response to Cody's petition. Hobbs maintained that Cody's guilty plea in CR 2008-41 and CR 2008-52 foreclosed any challenge to the sufficiency of the evidence. Hobbs also maintained that any complaint Cody may have with his attorney in CR 2008-41 and CR 2008-52 is procedurally barred from federal court review.

The Court reviewed the parties' submissions and found that Cody should be invited to submit a reply to Hobbs' response. Cody was so invited but declined the invitation.

The Court has now had an occasion to thoroughly review the parties' submissions. On the basis of that review, the Court makes the following disposition of Cody's petition.

<u>CODY'S CLAIMS</u>. Cody advances four claims in the petition at bar, all of which are tied to the events giving rise to CR 2008-41 and CR 2008-52. The claims are as follows:

> GROUND ONE. Wrongfully charged with theft of property, credit card, on 3-6-08.
>
> I helped Rose Simmons move furniture to the thrift shop when I found James Brigg's card. When I got home that night, I told or actually called Rose and told her to meet me at [the] Fitness Foundation gym in the morning so I [could] give her an item I found earlier while moving furniture. She agreed. I was arrested before that could happen.
>
> GROUND TWO. Rose Simmons' residence–unlawfully charged with residential burglary.
>
> I never entered Rose Simmons' house. I never assaulted Rose Simmons' house. I went to Rose Simmons' house on 3-16-08 and was given a Harris' house key. I left my … bag at the Simmons' residence and left. I never entered the house. No fingerprints or any other supporting documentation was found at the Simmons' residence. My attorney told me to plead guilty and we would win it on appeal. So I did.

>       GROUND THREE.   Johnny Harris residence-unlawfully charged in residential burglary.
>
>       I lived at the Harris' residence.  When they went on a Dallas trip on 3-16-08, I was asked to stay with a friend until they returned.  On 3-16-08, I was given a house key by Rose Simmons to the Harris' residence.  Mr. Harris stated I received the key from someone else.  Mr. Harris stated there was no sign of forcible entry.  He also stated I unlocked the door and entered the house.  I didn't enter the house with the intent to commit a felonious act.  I feel I should have been charged with unlawful entry.
>
>       GROUND FOUR.  Theft of property-house and car keys belonging to Johnny Harris.
>
>       I was given the house key from Rose Simmons.  I already had a copy of the car key because I stayed at the residence and the Harris' had given me a copy.  I was charged with theft of property for the house key.  I feel Rose ... Simmons should also be charged because she is their sister-in-law and she gave me the house key which makes that [an] accessory.

See Document 1 at 5, 6-7, 8, and 10.

HOBB'S CLAIMS.  Federal court review of a petitioner's claims is limited.  If the claims arise out of a guilty plea, federal court review is even more limited because a voluntary plea of guilty typically waives all non-jurisdictional defects, see Cox v. Lockhart, 970 F.2d 448 (8th Cir. 1992), and precludes federal court review of the claims. The exceptions to the foregoing rule generally fall into one of three groups: (1) a petitioner may challenge his plea of guilty on the ground that it was not voluntarily and/or knowingly entered, (2) a petitioner may challenge the imposition of an illegal sentence, and (3) a petitioner may challenge his attorney's representation.

Setting aside the question of whether Cody's claims are procedurally barred from federal court review, it is clear that they all involve challenges to the sufficiency of the evidence. Challenges to the sufficiency of the evidence are clearly non-jurisdictional in nature. See United States v. Beck, 250 U.S. 1163 (8th Cir. 2001) (plea of guilty admits all elements of the offense). The claims were therefore waived when Cody pleaded guilty in CR 2008-41 and CR 2008-52, and the Court cannot now review the claims.

CODY'S ATTORNEY.[4] Hobbs maintains that any complaint Cody may have with his attorney is procedurally barred from federal court review. In Wainwright v. Sykes, 433 U.S. 72 (1977), the United States Supreme Court concluded that a claim raised in a petitioner's habeas corpus petition should not be considered if the petitioner committed a procedural default in litigating the claim. A procedural default occurs when a petitioner fails to first present a claim to the state courts in accordance with the state's procedural rules. See Wooten v. Norris, 2006 WL 2686925 (8th Cir. 2006).

The record is clear that Cody never challenged his attorney's representation in the state courts of Arkansas. The Court therefore finds that he procedurally defaulted any complaint he may have with his attorney's representation. The only question is whether he can show cause for his procedural default.

---

[4] Hobbs construed Cody's petition to include a claim that his attorney provided constitutionally inadequate representation in CR 2008-41 and CR 2008-52. Out of an abundance of caution, the Court will briefly consider the claim.

Liberally construing Cody's pro se submissions, he appears to advance his attorney's ineffectiveness as cause for his procedural default.  Setting aside the problem with using such an assertion to justify failing to raise a claim of ineffective assistance of counsel, the Court notes that ineffective assistance of counsel as cause must first be presented to the state courts as an independent claim.  See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987).  Cody never presented such a claim to the state courts of Arkansas.  Consequently, his apparent assertion of ineffective assistance of counsel cannot serve as cause for his procedural default.

Liberally construing Cody's pro se submissions, he appears to allege that he is actually innocent of the offenses charged in CR 2008-41 and CR 2008-52.  Although not true cause for a procedural default, a showing of actual innocence can serve as a "gateway" through which a petitioner can obtain federal court review of otherwise barred claims.  See Schlup v. Delo, 513 U.S. 298 (1995).  The Court finds that Cody has not made the requisite showing of actual innocence.  Specifically, he has not come forward with "new evidence of factual innocence."  See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring).

The Court finds that Cody never properly raised any complaint he may have with his attorney's representation in the state courts of Arkansas and that he cannot show cause for failing to do so.  Any complaint he may have with his attorney's representation in CR 2008-41 and CR 2008-52 is therefore procedurally barred from federal court review.

CONCLUSION. Cody waived the claims at bar when he pleaded guilty in CR 2008-41 and CR 2008-52, and the Court cannot now review the claims. Additionally, any complaint he may have with his attorney's representation in CR 2008-41 and CR 2008-52 is procedurally barred from federal court review. For those reasons, his petition should be, and is, dismissed with prejudice. All requested relief is denied. Judgment will be entered for Hobbs.[5]

MOTION FOR APPOINTMENT OF COUNSEL. Cody has also filed a motion for appointment of counsel. See Document 13. It is well-settled that there is neither a "constitutional nor statutory right to counsel in habeas proceeding; instead, it is committed to the discretion of the [district] court." See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). This case is neither factually nor legally complex, and no amount of skillful advocacy can change the outcome. Cody waived the claims at bar when he pleaded guilty in CR 2008-41 and CR 2008-52, and the Court cannot now review the claims. Additionally, any complaint he may have with his attorney's representation in CR 2008-41 and CR 2008-52 is procedurally barred from federal court review.

---

[5] It is again worth noting the following: Cody is only challenging the convictions in CR 2008-41 and CR 2008-52 in the petition at bar. He is not challenging the revocation of his probation in CR 2007-122, CR 2007-158, and CR 2007-166 in this petition. Because his petition has not been construed to encompass a challenge to the revocation of his probation in CR 2007-122, CR 2007-158, and CR 2007-166, it is not necessary to consider whether the petition contains mixed claims, i.e., exhausted and unexhausted claims, and/or whether this proceeding should be stayed pending the final disposition of his appeal in CR 2007-122, CR 2007-158, and CR 2007-166.

IT IS SO ORDERED this  29  day of June, 2010.


_____
UNITED STATES MAGISTRATE JUDGE