IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

STEVEN CODY                                                                                          PETITIONER

v.                                           NO. 5:10CV00089 HDY

RAY HOBBS, Interim Director of the                                                       RESPONDENT
Arkansas Department of Correction

### ORDER

On June 29, 2010, the Court entered judgment for respondent Ray Hobbs and dismissed the petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 filed by petitioner Steven Cody ("Cody").[1] He has now filed a notice of appeal, which the Clerk of the Court has construed as a motion for a certificate of appealability pursuant to 28 U.S.C. 2253(c), see Document 17, and Cody has joined that submission with a motion for appointment of counsel, see Document 19.

In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court articulated the following standard for reviewing a request for a certificate of appealability:

---

[1] The judgment entered by the Court failed to address the certificate of appealability issue. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court will address the issue in this order.

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy [section] 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds. We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See also Khaimov v. Christ, 297 F.3d 783 (8th Cir. 2002).[2]

The record reflects that Cody raised four claims in his petition, claims in which he challenged the sufficiency of the evidence in two state court criminal cases. Because he pleaded guilty to the charges in those cases, though, the Court found that the claims could not be reviewed in a habeas corpus proceeding. The Court also construed Cody's petition to include a challenge to his attorney's representations. Because he never properly raised the challenge in the state courts of Arkansas and could not show cause for failing to do so, his challenge was procedurally barred from federal court review.

---

[2] "... [W]hen a claim is denied on procedural grounds, our reading of Slack is that: 1) if the claim is clearly procedurally defaulted, the certificate [of appealability] should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate [of appealability] should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate [of appealability] should be granted." See Id. at 786.

Having reviewed the motion at bar, the Court finds that Cody's claims were dismissed on procedural grounds. He has not shown that jurists of reason would find it debatable whether the petition stated valid claims of the denial of constitutional rights and that jurists of reason would find it debatable whether the Court was correct in its procedural rulings. The Court therefore finds that his motion for a certificate of appealability is denied. See Document 17.

Cody has also filed a motion for appointment of counsel. To the extent the Court can address the motion, it is denied. See Document 19.

IT IS SO ORDERED this ___13___ day of July, 2010.

                                                UNITED STATES MAGISTRATE JUDGE